(38 Misc. Rep. 292.)

GILGAR v. LOW et al.

(Supreme Court, Special Term, Kings County. June, 1902.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—PROPORTIONATE ASSESSMENT—INJUNCTION.

　　Injunction by a taxpayer against the board of estimate and apportionment, to restrain it from rescinding resolutions of the board of public improvements determining the proportion of future expense of opening certain streets to be borne by the city at large and benefited property owners, cannot be maintained where it appears that the city is to be benefited by the proposed action.

Injunction by John Gilgar against Seth Low and others, composing the board of estimate and apportionment of the city of New York. Motion denied.

Motion for a permanent injunction. Suit by a taxpayer of the city of New York to restrain the board of estimate and apportionment of the said city from doing certain alleged illegal official acts. The complaint alleges in substance that the board of public improvements of the city passed resolutions in December, 1901, determining the proportion of the future expense of opening certain streets which should be borne by the city at large and the proportion which should be borne by the real property to be benefited by the improvements, power to so determine being vested in the said board prior to January 1, 1902, when such board by the amended charter which then took effect went out of existence; and that the board of estimate and apportionment, to which a like power was given by the said amended charter, is about to "rescind, alter, modify and abrogate" the said resolutions.

Joseph A. Flannery, for the motion.
George L. Sterling, opposed.

GAYNOR, J. I do not see how this suit may be maintained. It is claimed that the determination of the former board of public improvements in apportioning the future expense of opening certain streets between the city at large and the real property to be benefited, was final, and that the board of estimate and apportionment cannot re-open and change it. This seems to be so, but I do not need to determine it. Assuming that it is so, nevertheless the complaint fails to show that the plaintiff as a taxpayer has any interest to enable him to maintain this suit to prevent the action which the board of estimate and apportionment proposes to take. There is no allegation in the complaint that the said board intends to cast a larger proportion of such expense upon the city at large. On the contrary, it quite plainly appears therefrom that the plaintiff expects that the said board will do the contrary, i. e., cast a larger proportion on the property to be benefited, and that his purpose is to prevent that. This is also made plain by the affidavits which have been submitted for the defendant. It therefore appears that the city is to be benefited and not injured by the proposed action of the board of estimate and apportionment.

It is not enough that the proposed action of the board of estimate and apportionment would be beyond its power, and therefore an illegal official act, to enable this suit to be maintained. It is necessary that such act should damnify the city, and hence its taxpayers, and in that way give an interest to the city and its taxpayers to maintain a suit to prevent it. The taxpayers' act enables a taxpayer of a city to maintain a suit against city officials "to prevent any illegal official act on the part of such officers * * * or to prevent waste or injury" to the funds or estate of the city. But the general rule which applies to an action or suit, i. e., that the plaintiff must have an interest to maintain it, applies to this. It does not suffice that the proposed official act would be illegal, to enable a suit to be maintained. It is also necessary that it would cause a waste of the city's funds or estate, or do injury thereto, and thereby injure the taxpayers of the city. If this be not the case, the city itself not being damnified would have no

interest or standing to maintain the suit, and therefore its taxpayers would have none. The object of the taxpayers' act was to enable taxpayers to bring suits which the city could and should bring, but failed to bring. Rogers v. O'Brien, 153 N. Y. 357, 47 N. E. 456. As there is no reason why the city should bring the present suit, there is none why the plaintiff should bring it. The city and its taxpayers at large would be benefited instead of injured by having the proportion of the expense of these local improvements to be borne by the city reduced.

The motion is denied.